THE PEOPLE ex rel. JOHN J. WESTRAY, Appellant, *v.* THE MAYOR OF THE CITY OF NEW YORK, Respondent.

Under the New York city charter of 1873 (§ 106, chap. 335, Laws of 1873), the commissioners of accounts are removable at the pleasure of the mayor ; the section of said charter (§ 25) providing that certain officers therein specified can only be removed for cause, after opportunity to be heard and subject to the approval of the Governor, has no application.

*It seems* that when a power of removal is thus expressly given by statute to be exercised at pleasure, the officer upon whom it is conferred is made the sole and exclusive judge as to the propriety of its exercise.

(Argued October 13, 1880 ; decided November 9, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment of Special Term, which affirmed the proceedings of the mayor of the city of New York, in removing the relator from the office of commissioner of accounts and which dismissed the writ of certiorari by bringing up the proceedings for review. (Reported below, 16 Hun, 509.)

The relator was appointed to the office in January, 1875, and was removed by the mayor in August, 1877, by notice in writing served upon him.

*Samuel Hand* for appellant. The manner of removing the relator being provided for by section 25 of the charter of 1873 (chap. 335), the provisions of any subsequent section upon the subject are controlled by it. (*People* v. *Potter*, 47 N. Y. 379 ; *Andree* v. *Fletcher*, 2 T. R. 165 ; *Churchill* v. *Crease*, 5

Bing. 180; 1 Kent's Com. *162, 462; *Newell* v. *People*, 7 N. Y. 9; *People* v. *Draper*, 15 id. 532; *Beebe* v. *Griffin*, 14 id. 235.) In constructing a statute, the courts are not bound to follow the literal meaning of its words, but should regard the mischief which it was designed to remedy. (1 Kent's Com. 463; Smith on Statutes, §§ 701–703; *White* v. *Wager*, 32 Barb. 25 [affirmed in 25 N. Y. 328].)

*D. J. Dean* for respondent. The power to appoint and remove the relator at pleasure is conferred upon the mayor by section 106 of the charter of 1873. (Laws 1873, chap. 335, p. 513; Potter's Dwarris on Statutes, 131; Potter's Dwarris, p. 273, citing Woodson's Elements of Juris. 36; Bac. Abr. tit. Statutes, D; *Harrington* v. *Rochester*, 10 Wend. 551.) The writ should be dismissed out of regard for the public convenience and on account of the laches of the relator in applying therefor. (*People* v. *Supervisors of Allegany*, 15 Wend. 198; *People* v. *Mayor*, 5 Barb. 43; *Matter of Eightieth St.*, 17 Abb. Pr. 324; *Matter of Mt. Morris*, 2 Hill, 14; *People* v. *Schoonmaker*, 50 N. Y. 548; *People* v. *Hill*, 53 id. 549; *People* v. *Mayor*, 2 Hill, 12; *Elmendorf* v. *Mayor*, 25 Wend. 693.)

DANFORTH, J. It is plain upon looking into the different sections of the act of 1873 (chap. 335), that the appellant has no case. Section 106 provides that "the mayor shall from time to time appoint and remove at pleasure two persons, who, together with the president of the department of taxes and assessments, shall be commissioners of accounts." Under these provisions the relator was appointed and removed, and of course no one suggests that if this section stood alone the relator has any ground for complaint. But the learned counsel for the appellant insists that his case is one of those provided for in section 25 of the same act, and if this is so, there has been to the relator's prejudice a violation of its terms. It reads, so far as any question before us is concerned, as follows: "The mayor shall nominate and, by and with the consent of the

board of aldermen, appoint the heads of departments and all commissioners (save 'certain commissioners, etc., who are named, and among whom is not a commissioner of accounts ')," * * * * * * and after other matters, provides for removals in these words: "The heads of all departments, including those retained as above" (those within the saving clause), "and *all other persons whose appointment is in this section provided for,* may be removed by the mayor for cause, and after opportunity to be heard, subject, however, before such removal shall take effect, to the approval of the Governor, expressed in writing. The mayor shall in all cases communicate to the Governor, in writing, his reasons for such removal. * * * * * No officer so removed shall be appointed to the same office during the same term of office."

It seems obvious that the relator is not one of those whose appointment was provided for in this section. He was not nominated by the mayor, but appointed by him. There was no consent of the board of aldermen required, nor was the appointment dependent upon their approbation; it was made by the mayor at his pleasure. Again, it is conceded by the learned counsel for the appellant that for the office of commissioner of accounts no term was specified; on the other hand section 25 expressly provides: " That every head of department and person in this section named, except as herein otherwise provided" (and the exception does not concern us now), " shall hold office for the term of six years, and in each case until a person is duly appointed in his place. "

It is not necessary to make other comparison of these clauses, or argue upon them, for they do not seem in any way dependent upon each other, and no reason or satisfactory ground is presented for departing from a literal construction of the statute. Indeed, no other is admissible. There is in the two provisions nothing inconsistent or repugnant, for the one has no relation to the other.

We have not omitted to notice a point made by the learned counsel for the appellant, that the will of others, represented by a certain political organization, controlled the pleasure of the

mayor and made it effective, but a minute examination of the very brief return fails to indicate any foundation for that assertion, and by the return both parties are bound. (*People ex rel. Sims* v. *Fire Commissioners*, 73 N. Y. 436.) It is, therefore, unnecessary to consider whether in any event an inquiry could be made into the elements out of which the will or pleasure of the removing officer was formed. It would seem, however, to be quite clear that, whenever a statute in express terms gives a discretionary power to any person, to be exercised by him upon his own pleasure, he is thus made the sole and exclusive judge as to the propriety of its exercise, and in such a case his will or private opinion must stand in place of any reason. Such a power is not to be construed as a judicial discretion, to be regulated according to the known rules of law, nor is it as described in *Keighley's Case* (10 Rep. 140, *a*), " *scire per legem quid sit justum.*" It may be arbitrary and fanciful, but such was the condition of the relator's official tenure. He took office at the pleasure of the mayor, and his pleasure, by whatever reason influenced, is the measure of its term.

The judgment should be affirmed.

All concur.

Judgment affirmed.