THE PEOPLE, ex rel. DANIEL GERE et al., Appellants, v. JOHN R. WHITLOCK et al., Respondents.

The act entitled " An act to amend an act to provide for the election of police commissioners in the city of Syracuse, and to establish a police force therein, and to repeal certain sections thereof " (Chap. 559, Laws of 1881), is not violative of the provision of the State Constitution (Art. 3, § 16) declaring that no local or private bill shall contain more than one subject and that shall be embraced in the title.

Under the provision of said amendatory act (§ 2) giving to the mayor power to remove any police commissioner, the mayor was authorized to remove a commissioner in office when the act took effect.

Under said provision the mayor has power to remove without giving the commissioner notice or opportunity to be heard.

The legislature may abridge the term of an office created by it, by express words, or may specify an event upon the happening of which it shall end.

It is also within the power of the legislature, where it has given the authority to appoint to an office created by it, to authorize the removal of the incumbent without notice or a hearing.

*People, ex rel. the Mayor*, v. *Nichols* (79 N. Y. 582), distinguished.

(Argued March 16, 1883; decided April 17, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an or-

der made October 20, 1882, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was in the nature of a *quo warranto* to try the title of defendants to the office of police commissioners of the city of Syracuse.

On the 29th day of August, 1881, the mayor of Syracuse addressed to each of the relators a written notice that he had removed him from the office of police commissioner, of which he was then an incumbent, by virtue of the act chapter 559, Laws of 1881, and on the same evening he submitted to the common council a statement of his reasons for such removal, together with a message appointing the defendants to fill the vacancies thereby created. No notice of the mayor's intention had been given to the relators, or to either of them, no charges were presented, and no hearing, or opportunity of hearing, or explanation was afforded to them.

The defendants immediately afterward qualified as such police commissioners, and took possession of the books and papers of the board, and have ever since exercised the duties of the office to the exclusion of the relators.

*Louis Marshall* for appellants. Chapter 559 of the Laws of 1881 is a local act, and is void because it does not comply with the requirements of the Constitution (Art. 3, § 16) as to its title. (*People* v. *The Board of Supervisors of Chautauqua*, 43 N. Y. 10 ; *The People* v. *Hill*, 35 id. 449 ; *Stewart* v. *The Father Matthew Society*, 41 Mich. 67 ; *Dorsey's Appeal*, 72 Penn. St. 192; *Town of Fishkill* v. *Fishkill, etc., Plank-road Co.*, 22 Barb. 634 ; *People* v. *Commissioners of Highways of Palatine*, 53 id. 70 ; *People* v. *Allen*, 42 N. Y. 404 ; *People* v. *O'Brien*, 38 id. 193 ; *Huber* v. *The People*, 49 id. 132 ; *Meek* v. *Gaskin*, 42 id. 186 ; *The Matter of the Town of Flat-bush*, 60 id. 398 ; *City of Watertown* v. *Fairbanks*, 65 id. 588 ; *The Matter of Sackett Street*, 74 id. 95 ; *People* v. *Common Council of Brooklyn*, 13 Abb. Pr. [N. S.] 121 ; *Murray* v. *The Mayor of New York, etc.*, 11 J. & S. 164 ; *Mat-

*ter of Blodgett*, 15 N. Y. W'kly Dig. 21, Court of Appeals, tried 1882; *State* v. *Clinton*, 27 La. Ann. 40; *Moses* v. *The Mayor, etc.*, 52 Ala. 212; *People* v. *The Institution of Deaconesses*, '71 Ill. 229; *Town of Union* v. *Rader*, 39 N. J. Law. 509; *The People, ex rel. Ryan*, v. *Green*, 58 N. Y. 295.) This statute should be construed prospectively. (*Dash* v. *Van Kleek*, 7 Johns. 477; *Hackley* v. *Sprague*, 10 Wend. 133; *Sayre* v. *Wisner*, 8 id. 661; *Jarvis* v. *Jarvis*, 3 Edw. Ch. 462; *Johnson* v. *Burrell*, 2 Hill, 238; *Palmer* v. *Connelly*, 4 Denio, 374; *Sanford* v. *Bennett*, 24 N. Y. 20; *Ely* v. *Holton*, 15 id. 595; *Jackson* v. *Van Zandt*, 12 Johns. 159; *Benton* v. *Wickwire*, 54 N. Y. 226; *Carpenter* v. *Shimer*, 24 Hun, 464; *Williams* v. *City of Oswego*, 25 id. 36; *New York & Oswego Midland R. R. Co.* v. *Van Horn*, 57 N. Y. 473.) If it had been intended that the mayor had a right to remove police commissioners who were in office at the time of the passage of the act, the right of appointing their successors would not have been limited to a time subsequent to the expiration of their terms of office. (*Curtis* v. *Leavitt*, 15 N. Y. 59; *Moulton* v. *Hunt*, 23 id.; *Wait* v. *Wait*, 4 Comst. 95; *People* v. *Tiernan*, 35 Barb. 198; *Frask* v. *Payne*, 43 id. 569; *Childs* v. *Smith*, 55 id. 45.) The removal of the relators without a hearing or an opportunity for an explanation, and upon the grounds specified by the mayor, was not authorized by the statute. (*Bagg's Case*, 11 Coke, 99; Term Reports, 209; *People, ex rel. Gray*, v. *The Medical Society*, 24 Barb. 578; *People, ex rel. Bartlett*, v. *The Medical Society*, 32 N. Y. 181; *People, ex rel. Schmitt*, v. *St. Franciscus Society*, 24 How. Pr. 216; *Queen* v. *Sadlers Co.*, 10 House of Lords Cases, 404; *Black and White Smiths Society* v. *Van Dyke*, 2 Whart. 309; *Washington Society* v. *Bach*, 20 Penn. St. 425; *Sleeper* v. *Franklin Lyceum*, 7 R. I. 523; *People, ex rel. Doyle*, v. *Ben. Society*, 3 Hun, 361; *Wachel* v. *Noah Ben. Society*, 84 N. Y. 28; *People* v. *Sailors' Snug Harbor*, 54 Barb. 532; *Innes* v. *Willey*, 1 C. & K. 257; *Fritz* v. *Muck, Pres't of St. Stephen's Society*, 62 How. Pr.; *People, ex rel. Munday*, v. *Fire Commissioners*, 72 N. Y.

445 ; *Matter of Nichols,* 57 How. 395 ; *People, ex rel. Mayor, etc.,* v. *Nichols,* 79 N. Y. 582 ; 72 id. 445 ; *Murdoch* v. *The Trustees of Phillips Academy,* 12 Pick. 244 ; *Paige* v. *Hardin,* 8 B. Monr. 673 ; *Field* v. *The Commonwealth,* 32 Penn. St. 476 ; *Barnshay's Case,* 18 Q. B. 173 ; *Commonwealth* v. *Stifer,* 25 Penn. St. 23.)

*M. A. Knapp* for respondents. The title of the act of 1881 (Chap. 559) fully discloses the purpose and intent of its provisions and meets the requirements of the Constitution. (Sedgwick on Construction of Statutory and Constitutional Law, 530, 531, 532, and notes; Const. Tenn., Art. 2, § 17 ; Stat. Tenn [Thompson & Sager], vol. 1, p. 93 ; *People, ex rel. City of Rochester,* v. *Briggs et al.,* 50 N. Y. 554 ; *Harris* v. *The People,* 59 id. 600 ; Bouvier's Law Dictionary, 118 ; *The Cases of Stewart* v. *The Father Matthew Society,* 41 Mich. 67 ; *The Matter of Sackett Street,* 74 N. Y. 95 ; *Murry* v. *The Mayor, etc.,* 11 J. & S. Super. Ct. ; *Huber* v. *People,* 49 N. Y. 132 ; *People, ex rel. City of Rochester,* v. *Briggs,* 50 id. 554 ; *People, ex rel. Davies,* v. *Com. of Taxes of N. Y.,* 47 id. 501 ; *Morford* v. *Nugen,* 8 Iowa, 83 ; *Phillips* v. *Covington & Cincinnati Bridge Co.,* 2 Metc. [Ky.] 219 ; *Leuhrman* v. *Taxing District,* 2 Lea [Tenn.], 426 ; *State* v. *Fox,* 51 Md. 412 ; *Matter of Mayer,* 50 N. Y. 504 ; *People, ex rel. Hayden,* v. *City of Rochester,* id. 525 ; *Matter of Van Antwerp,* 56 id. 264 ; *Neuendorff* v. *Duryea,* 69 id. 557 ; *Kerrigan* v. *Force,* 68 id. 381 ; *Connor* v. *Mayor,* 5 id. 285 ; *Sun Mut. Ins. Co.* v. *Mayor,* 8 id. 241 ; *Brewster* v. *City of Syracuse,* 19 id. 116 ; *People, ex rel. Crowell,* v. *Lawrence,* 41 id. 139 ; *Franklin* v. *Trustees Vie Dansville,* 1 Hun, 593 ; *People, ex rel. H. R. Co.,* v. *Havemeyer, Mayor, etc.,* 3 id. 106 ; *Alexander* v. *Bennett,* 38 N. Y. Super. Ct. 498 ; *People* v. *Bennett,* 54 Barb. 486 ; *Mosier* v. *Hilton,* 15 id. 660 ; *Matter of Wakker,* 9 id. 163 ; *White* v. *Syracuse & Utica R. Co.,* 14 id. 563 ; *Devlin* v. *Mayor,* 50 How. Pr. 12 ; *Cen. C. R. R. Co.* v. *23rd St. R. R. Co.,* 54 id. 168 ; *Outwater* v. *Mayor,* 18 id. 572 ; *In re Petition of Wm. T. Blodgett,*

14 W'kly Dig. 326; *McReynolds* v. *Smallhouse*, 8 Ky. [Bush] 453; *Louisville & O. T. R. Co.* v. *Bullard*, 2 Metc. [Ky.] 166; *Mayor, etc.,* v. *Reitz*, 50 Md. 574; *Mayor of Annapolis* v. *State of Maryland*, 30 id. 118; *Hammond* v. *Lesseps*, 31 La. Ann. 336; *City of Hannibal* v. *County of Marian*, 69 Mo. 571; *People, ex rel. Davies,* v. *Commissioners of Taxes*, 47 N. Y. 501; Cooley's Const. Lim. 148; *Yellow River Improvement Co.* v. *Arnold*, 46 Wis. 224. See *Brandon* v. *State*, 16 Ind. 197; *Harris* v. *People*, 59 N. Y. 600; *City of Eureka* v. *Davis*, 21 Kans. 578.) The provisions of chapter 559 of the Session Laws of 1881 are applicable to the relators. (*Moore* v. *Mausert*, 49 N. Y. 333; *People, ex rel. Sears,* v. *Board of Asesssors of Brooklyn*, 84 id. 610; *Matter of Executive Communication*, 15 Fla. 735; *State* v. *Andrews*, 20 Texas, 230; *Long* v. *Mayor*, 81 N. Y. 425; *Holley* v. *Mayor*, 59 id. 166; *D. & L. Plankroad Co.* v. *Allen*, 16 Barb. 15; *Phillips* v. *Mayor*, 1 Hilt. 483.) As the office of police commissioner of the city of Syracuse was first created by chapter 17 of the Session Laws of 1869, it has, therefore, none of the elements or incidents of a common-law office, and the relators can claim no such rights or privileges as custom or ancient usage may have secured to common-law officers. (*Ex parte Hannen*, 13 Peters, 260; *Smyth* v. *Latham*, 9 Bing. 692.) The legislature had ample power, therefore, to provide by law that said police commissioners should be appointed instead of elected by the people, and it is not even necessary that the appointment be made by local authority. (*People* v. *Draper*, 15 N. Y. 532; *People* v. *Palmer*, 52 id. 83; State Const., art. 10, § 3; Session Laws 1881, chap. 559, § 2.) When a person accepts a public office in this State, of the nature of that held by the relators, he accepts it subject to whatever changes and regulations the legislature may thereafter see fit to make concerning it. (*Connor* v. *Mayor*, 5 N. Y. 285; *Smith* v. *Mayor*, 37 id. 518; *Long* v. *Mayor*, 81 id. 425; *Holley* v. *Mayor*, 59 id. 166; *Gillespie* v. *Mayor*, 6 Daly, 286; *City of Wyandotte* v. *Drennen*, 24 Alb. L. J. 401; *Phillips* v. *Mayor*, 1 Hilt. 483; *People* v. *Morris*, 13 Wend.

331–337.) The action of the mayor is fully sustained by authorities in this State and elsewhere. (*People, ex rel. Munday*, v. *Fire Commissioners*, 72 N. Y. 445; *People, ex rel. Sims*, v. *Fire Commissioners*, 73 id. 437.) The present case belongs to that class where the proceedings to remove are not intended to be judicial, but executive or ministerial in their nature. (*People, ex rel. Westray*, v. *Mayor*, 16 Hun, 309; *Matter of Bartlett*, 9 How. Pr. 417; *Queen* v. *Governors Darlington Free Grammar School*, 6 Ad. & El. 714; *People* v. *Stout*, 19 How. Pr. 168; *Attorney-General, ex rel. Taylor*, v. *Brown*, 1 Wis. 513; *State* v. *McGarry*, 21 id. 496; *Keenan* v. *Perry*, 24 Texas, 259; *State* v. *Dohert*, 25 La. Ann. 119; *People* v. *Bearfield*, 35 Barb. 254; *People* v. *Dep't Police, etc.*, 5 Hun, 457; 1 Dill. Mun. Corp., § 13 [3d ed.].)

DANFORTH, J. The thing in dispute is the office of police commissioner of the city of Syracuse. The relators claim it under a statute of 1869, entitled "An act to provide for the election of police commissioners in the city of Syracuse, and to establish a police force therein" (Chap. 17, Laws of 1869). The defendants claim it under chapter 559 of the Laws of 1881, entitled "An act to amend an act to provide for the election of police commissioners in the city of Syracuse, and to establish a police force therein, and to repeal certain sections thereof." The relators argue that the act of 1881 is a local act; that its subject is not expressed in the title, and that it is, therefore, void under the prohibition of the Constitution (§ 16, art. 3).

It is plain that the act is local, for it has no force beyond the city named in it, and does not affect the people of the State; but its title expresses an intention of the legislature, and a single object — to amend a previous and specified statute. Nor do the provisions in the body of the act go beyond it. The act of 1869 provides for the choice by ballot, by the electors of the city, of police commissioners, their term of office, their organization as a board, and their powers. The act of 1881 repeals those provisions of the act of 1869, relating to the election of the commissioners, and by amendment confers au-

thority upon the mayor, "upon the expiration of the term of office of any of the present commissioners," to appoint his successor, and in like manner fill any vacancy that might otherwise occur, authorizes him to remove from office any commissioner "for any cause deemed sufficient to himself," and prescribes the powers and duties of the commissioners. All these things are properly incident to the subject of the original act, and it is difficult to see how the members of the legislature or the public could in any way be misled by the actual title of the act, or by what other words their vigilance as to the real topic of legislation could be better excited. The selection of the commissioners is dealt with in both statutes, and the amendment consists in the substitution of one mode of selection for another; an important alteration doubtless, but in no respect foreign to the main purpose or subject of the act, which was the establishment of a police force, nor outside the office of an amendment, of which notice was sufficiently given by a title indicating the act to be amended, and its subject-matter. The statute of 1881, therefore, is not broader than its title, and does not contravéne the constitutional provision upon which the appellant relies. The object of that provision is fairly answered by a title giving notice to whomsoever reads, that legislation is impending, which, by amending the act referred to, might touch upon the subject-matter of any of its provisions.

By the sixth section of the act of 1869, it was provided that "the commissioners may be removed for cause, in the same manner as sheriffs are removed," and the relators contend that the amendment of 1881, by which this provision was omitted, and power of removal given to the mayor, has no application to them, because they were in office when the last act took effect. This construction is untenable. The authority given to the mayor is general to remove from office any commissioner for any cause sufficient to himself, and we find nothing in the act to restrain in any degree the intent of the legislature as expressed by those words. They merely substitute one tribunal for another, and vest it with power over the commissioner. He was not less subject to removal under the act of

1869 than under the act of 1881, but by the last a new mode of procedure was adopted, and to that each commissioner is made subject. He can no more complain that he is proceeded against by the altered mode than a suitor in our courts could claim to maintain or resist a cause of action by the procedure in force when it accrued. As to that he has no vested right, and, therefore, the cases, *Dash* v. *Van Kleeck* (7 Johns. 477), *People, ex rel. Ryan,* v. *Green* (58 N. Y. 295), and others of like character cited by the appellants, have no application. The office was created by the legislature, and they might abridge its term by express words, or specify an event, upon the happening of which it should end. (*Conner* v. *Mayor, etc.,* 5 N. Y. 285; *Long* v. *Mayor, etc.,* 81 id. 425.) In this case the event specified by the legislature is removal by the mayor.

The next position of the relators raises a more interesting general question : whether they were entitled to have notice or be heard before the final action of the mayor. At common law there could be no doubt as to this. *Bagg's Case* (11 Coke, 99), *King* v. *Gaskin* (8 Term Rep. 209), and many others cited by the learned counsel for the appellant, stand upon the principle that no one shall be condemned unheard, but this, too, when applied to the term of office, is within the control of the legislature, and as it gave the power to appoint, may also give the power to remove. (Const., art. 10, § 3 ; *People, ex rel. Sims,* v. *Board of Fire Commissioners of the City of New York,* 73 N. Y. 437.) In the act before us (Laws of 1881, § 1, chap. 559) the power of removal has been expressly conferred upon the mayor, to be exercised as to him shall seem meet. In *People, ex rel. The Mayor,* v. *Nichols* (79 N. Y. 582), cited by the appellant, the statute requires not only that cause for removal should exist, but also that the officer should have an opportunity to be heard. The statute before us lacks both conditions. No opportunity to be heard is given, and it is enough if the mayor thinks there is sufficient cause. It may or may not exist, except in his imagination, but his conclusion is final. The diligence of appellants' counsel has found no

case like it, and those cited by him do not apply. They require either the actual existence of "cause," or "sufficient cause" for removal, and so by implication impose investigation before action, or by express language give a hearing to the accused member or official. Here the removal is to be determined summarily, and is intrusted to the unrestrained discretion of the mayor. Nor is this without a precedent. Among other cases, like power is given to the governor over the superintendent of public works, and to the latter over his assistant superintendents (Const. of N. Y., art. 5, § 3), and to the board of commissioners of the fire department of New York, over certain subordinates (Laws of 1873, chap. 335, § 28). Under that statute it was held that the power of removal was to be exercised at pleasure, except in cases where there was an express limitation to a removal after notice and a hearing, and for cause. (*People, ex rel. Sims,* v. *Board of Fire Comm'rs, supra.*)

We are, therefore, of opinion that no reason for a reversal of the judgment appealed from is shown, and it should be affirmed.

All concur. Rapallo and Earl, JJ., on the ground that the title of the amendatory act was sufficient to cover the subject of removal, without passing upon the question, whether it was sufficient to substitute appointment in place of election of commissioners.

Judgment affirmed.