BARBARA VAN VRANKEN, APPELLANT, *v.* THE CITY OF SCHENECTADY, RESPONDENT.

*When the subject of a legislative act is expressed in its title — Constitution, art. 3,. sec. 16 — Limitation upon the right to sue a municipal corporation — Constitution, art. 8, sec. 3.*

Chapter 294 of 1882 is entitled "An act to amend chapter three hundred and eighty-five of the Laws of eighteen hundred and sixty-two, entitled 'An act to· amend and consolidate the several acts relative to the city of Schenectady.'" It amended the first title of the prior act by adding thereto a new section, which declared that the city should not be liable for injuries sustained by defective sidewalks, etc., unless actual notice of the defect should have been. given to the common council or superintendent of streets at least twenty-four hours previous to the injury; it also required all claims to be presented within three months from the time they arose, and all actions to be brought. thereon within one year.

*Held,* that the act of 1882 clearly and distinctly expressed its subject, to wit, the amendment of the act of 1862.

That the title of the act of 1862, "An act to amend and consolidate the several acts relative to the city of Schenectady," expressed the subject embraced in the section, added by the act of 1882, and that such amended act did not violate the provisions of the sixteenth section of the third article of the Constitution.

That the restriction upon the right to sue the city, imposed by the section added by the act of 1882, did not violate the third section of the eighth article of the Constitution, providing that "all corporations shall have the right to sue, and shall be subject to be sued, in all courts in like cases as natural persons." *Gray* v. *City of Brooklyn* (2 Abb. Dec., 268, and 10 Abb. [N. S.], 186), followed.

APPEAL by the plaintiff from a judgment of nonsuit, rendered at the Schenectady Circuit upon the plaintiff's opening of the case to the jury.

The action was brought to recover for personal injuries sustained by the plaintiff by reason of his having fallen on a sidewalk in the city of Schenectady.

*Alex. J. Thompson,* for the appellant.

*S. W. Jackson,* for the respondent.

LEARNED, P. J.:

· This is an appeal from a judgment upon a nonsuit. It was agreed that, as the principal question was one of law, the plaintiff's counsel

should state the facts in his opening and make a certain statute on which the question turns a part of the opening. This was done; and thereupon the court nonsuited.

The first point on the appeal is that chapter 294, Laws of 1882 is a private statute and should have been pleaded. That is not well taken. The defendant would have been permitted to amend its answer if necessary. And again the plaintiff's counsel stated the statute in his opening according to the arrangement, and therefore it was before the court, without regard to the pleading.

The second point is that this statute is void as a private act embracing more than one subject and subjects not expressed in the title. (Const., art. 3, § 16.) The title is: "An act to amend chapter three hundred and eighty-five of the Laws of eighteen hundred and sixty-two, entitled an act to amend and consolidate the several acts relative to the city of Schenectady." The act is an amendment of the first title of the previous act by adding thereto a new section to be known as section four. This section declares that the city shall not be liable for injuries sustained by defective sidewalks, etc., unless actual notice of the defect shall have been given to the common council or superintendent of streets at least twenty four hours previous to the injury. It also provides that claims must be presented within three months; and actions brought within a year.

The act is undoubtedly, in its provisions, an amendment of the previous act. Therefore the title literally expresses the subject. Probably, however, we should go a step further and inquire whether the title of the act which is amended expresses the subject of this amendatory act. That presents the question whether such a restriction of liability as is contained in this act of 1882 could, under the Constitution, be properly embraced within an act entitled like the law of 1862 above cited.

The plaintiff urges that this act of 1882 restricts the common law liability of the city in respect to persons in general, and thus that it forms no proper part of a law establishing and regulating the city government, such a law as is called the charter of the city.

We cannot agree with this view. The liability of the city to persons who are injured by a defective condition of a sidewalk, or the like, must arise from the fact that some statute has imposed on the city a duty of keeping such sidewalk in order. That duty is

usually imposed by the charter of the city (to use a convenient word), which authorizes and directs the city to construct and maintain sidewalks, repair pavements, etc. We are not prepared to say that, if the charter were entirely silent on these matters, any duty would arise. The authority of the city over the streets depends upon the charter. (2 Dillon Mun. Corp., § 538.) The legislature might impose the care of the streets upon the city, or on some independent officer. Hence it seems clear that provisions in regard to the power and authority of the city over the streets within its limits, might be properly included in a city charter without any specification of that subject in the title.

The provision heretofore cited in regard to the twenty-four hours' notice is really a regulation as to the duty of the city in respect to the streets. It declares that, so far as individuals are concerned, the city shall not be liable to repair the streets, except after this actual notice, and thus regulating the liability, it practically regulates the duty which the city owes to individuals.

A question similar to this arose in *Gray* v. *City of Brooklyn* (2 Abb. Dec., 268, and 10 Abb. [N. S.], 186), in which the Court of Appeals sustained the validity of a similar provision. And in that case the court also considered the effect of article 8, section 3 of the Constitution, and held that such a provision was not in conflict with the latter sentence of that section.

It seems to us, therefore, that this provision must be held to be constitutional under the section last cited, and that it is not void on account of a failure to express the subject in the title of the act. (*People ex rel. City of Rochester* v. *Briggs*, 50 N. Y., 553; *People ex rel. Gere* v. *Whitlock*, 92 N. Y., 191.)

Another objection is taken, as follows: Chapter 694, Laws of 1870, section 1, repealed title 1 of chapter 385 of the Laws of 1862, and enacted and substituted therefor a title therein set forth. Now chapter 294 of the Laws of 1882 purports to amend title 1 of chapter 385 of the Laws of 1862, which the plaintiff insists had been repealed. Of course, if the act of 1882 had spoken of the title as one which had been amended by chapter 694, Laws of 1870, there could be no doubt. Nor do we think there need be any, as it is. The act of 1870 substituted a new title in the consolidating act of 1862; and the meaning of the act of 1882 in referring to

title 1 is clear. That is the first title of what is called the charter. Hence the act of 1882 referred to it, without noticing the fact of the amendment of 1870. The meaning is plain.

It is admitted that there had been no actual notice given as required by the act of 1882. Following the decisions, therefore, which we have above cited, we feel bound to hold that the plaintiff cannot recover.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and POTTER, JJ.

Judgment affirmed, with costs.