By the Court. —Sedgwick, Ch. J.
The relator was a teacher in a public school of this city, and was removed from her place as teacher by a vote of three-fourths of all the members of the Board of Education upon the recommendation of the city superintendent. The objection is 1 made to this removal that it was without cause, or at least, sufficient cause.
The respondent maintains the legality of the removal under section 1042 of the Consolidation Act (Laws 1882, ch. 410), which is : “ Any teacher may be removed by the Board of Educatioh upon the recommendation of the city superintendent, &c.; but only by a vote of three-fourths of all the members of the said board.”
That the construction of this statute is that the removal may be without cause, asserted or shown, or opportunity to be heard against the removal, is, if authority were needed, determined by People ex rel. Gere v. Whitlock (92 N. Y. 191). In that case, the statute (Laws 1881, ch. 559, § 1), declared, “ The mayor of said city is hereby also authorized to remove from office any commissioner of said department for any cause sufficient to himself, but he shall forthwith make and transmit to the common council of said city, &c. a statement in writing, &c. of his reasons for such removal.” The court said that the power of removal was expressly conferred upon the mayor, to be exercised as to him shall seem meet. “In People ex rel. Mayor v. Nichols (79 N. Y. 582), the statute requires not only that cause for removal should exist, but also that the officer should have an opportunity to be heard. The statute before us lacks both conditions. No opportunity to be heard is given, and it is enough if the mayor thinks there is sufficient cause. It may or may not exist except in his imagination, but his conclusion is final.” In the opinion, People ex rel. Sims v. Board of Fire Commissioners, &c.5 is referred to.
*522 In the case at bar, in conformity with the terms of the act, the city superintendent recommended the removal. The act did not require him to give a reason for the recommendation or for the proposed removal. He did give a reason ; that is, the insubordination of the teacher. But by the act, he was, so far as his recommendation was concerned, the sole judge- of the existence of the facts which constituted in his judgment, insubordination, and of their sufficiency to induce him to make the recommendation. The board was not necessarily to act in removing upon the reason the city superintendent gave. They might or might not get in any way, information as to the validity of the reason assigned. Any step they might take in appointing a committee was entirely for their own guidance. The action of the committee and the action of the board upon the report, do not furnish any matter for review; for the vote of three-fourths incontrovertibly shows that there was a removal as provided by the act.
The determination reviewed is confirmed, with costs.
Van Vorst and Freedman, JJ., concurred.