FLORA E. DUNAVON, Respondent, *v.* THE BOARD OF EDUCATION OF THE VILLAGE OF HORNELLSVILLE, Appellant.

*No reason need be assigned for a removal of a teacher by a board of school trustees authorized to remove "at their pleasure" — chap. 386 of 1873, sec. 10, sub. 5.*

Upon the trial of this action, brought to recover wages claimed to be due and owing to the plaintiff, as a teacher in the defendant's school, it appeared that the plaintiff was notified, on August 5, 1886, that the defendant, the school board "has appointed you an assistant teacher for the Park school, at thirty dollars per month for the time which you shall teach, subject, however, to the rules of the board, the term to commence on the first Monday of September next;" that she entered upon the discharge of her duty on the day named, served as a teacher one month and was paid her wages therefor; that, upon the report of the superintendent of the school that there were no pupils for the plaintiff to teach, the board passed a resolution to the effect, that after the expiration of the first month of school the services of the plaintiff be dispensed with. The plaintiff claimed to have been engaged for the full term, commencing on the first Monday of September, and sought to recover the wages for the remaining months.

*Held,* that, under the power conferred upon the board of trustees by subdivision 5 of section 10 of chapter 386 of 1873, the board could remove all teachers in the schools, "at their pleasure," without assigning any reason therefor.

That their power to so remove the plaintiff was not limited by any provision contained in the contract made with her, and that this action could not be maintained.

APPEAL from a judgment of the Steuben County Court, affirming a judgment rendered in a Justice's Court in favor of the plaintiff.

*Fay P. Rathbun,* for the appellant.

*Daniel L. Benton,* for the respondent.

HAIGHT, J.:

This action was brought to recover wages which, it is claimed, were due and owing to the plaintiff as a teacher in the defendant's school. The defendant was incorporated under chapter 386 of the Laws of 1873, and by subdivision 5, section 10 of that act, the board of trustees is authorized "to contract with, license and employ all teachers in said schools or departments, and the academical department therein, and at their *pleasure* remove them." The board

of trustees, acting under the provisions of this act, addressed to the plaintiff, under date of August 5, 1886, the following letter :

" Miss FLORA E. DUNAVON :

" The Board of Education of the village of Hornellsville, N. Y., has appointed you an assistant teacher for the Park school, at thirty dollars per month, for the time which you shall teach ; subject, however, to the rules of the board. The term to commence on the first Monday of September next. Please answer immediately on duplicate enclosed, whether the appointment is accepted or not.

" By order of the Board.

" JOS. CAMERON, *Sec'y.*"

On the following day the plaintiff returned the duplicate letter, inclosed with the words thereunder written, " I accept the appointment as above mentioned. Flora E. Dunavon."

It appears from the evidence submitted upon the trial, that she entered upon the discharge of her duty on the first Monday of September, served as teacher one month, and was paid therefor her wages for that month ; that thereupon, upon the report of the superintendent of the school that there was one teacher too many in the Park school, and that there were no pupils for Miss Dunavon to teach, the board passed a resolution to the effect, that after the expiration of the first month of school, the services of the plaintiff be dispensed with unless the board saw fit to give her some other position. The secretary immediately notified her of the adoption of this resolution. She continued, however, to hold herself in readiness to attend the school, and now seeks to recover her wages for the remaining months for which the term continued.

The learned county judge, in commenting upon the statute quoted, appears to have reached the conclusion that the board of education did not have the power to remove a teacher without reason and without making provision to compensate for damages sustained ; but such does not appear to us to be the reading of the act ; it is that " the board may, at their pleasure, remove," etc. If the board can only remove for cause shown, then their pleasure may, in many instances, be defeated, for they may be unable to establish in the courts the charges made, and yet, at the same time, actually believe that the teacher is, physically, mentally or morally unfit to have the

care and instruction of the pupils attending the school. The duty devolving upon the trustees is of a delicate nature. They are required to see to it that unfit or incompetent persons are not kept in charge of the children. The trustees are consequently often compelled to act upon moral convictions, and in cases where it may be difficult to establish facts by common law evidence. For this reason the legislature, doubtless, in its wisdom, has seen fit to give this board of education the power of removal at pleasure. This view of the statute appears to be supported by authority.

In 1 Dillon Municipal Corporations (§ 250) the rule is stated that " Where an officer is appointed during pleasure, or where the power of removal is discretionary, the power to remove may be exercised without notice or hearing. But where the appointment is during good behavior, or where the removal can only be for certain specified causes, the power of removal cannot   *   *   *   be exercised unless there be a charge against the officer, notice to him of the accusation, and a hearing of the evidence in support of the charges and an opportunity given to the party of making defense."

In the case of the *People, ex rel. Sims* v. *The Board of Fire Commissioners of the City of New York* (73 N. Y., 437), the question was as to whether the board of fire commisioners had the power to remove, without cause, a surveyor in the bureau of combustibles, and an assistant to the fire marshal. The statute gave the board the power to remove all chiefs of bureaus, also all clerks, officers, employees and subordinates in their departments, except that no regular clerk or head of a bureau can be removed until he has been informed of the cause of the proposed removal and has been allowed an opportunity of making an explanation. It was held that the statute distinguished between the two classes of officials, and that the clerks, employees and subordinates not mentioned in the exception were subject to removal at the pleasure of the board without notice or cause shown.

In the case of the *People ex rel. Westray* v. *The Mayor of the City of New York* (82 N. Y., 491), a committee of accounts was removed from office by order of the mayor. The statute provided that the mayor shall from time to time appoint, and remove at pleasure, two persons, who, together with the president of the department of taxes and assessments, shall be commissioners of accounts. Under this

statute the relator was appointed and removed. It was held that the mayor had the right to remove him at his pleasure. DANFORTH, J., in delivering the opinion of the court, says: "It is unnecessary to consider whether in any event an inquiry could be made into the elements out of which the will or pleasure of the removing officer was formed. It would seem, however, to be quite clear, that whenever a statute, in express terms,gives a discretionary power to any person to be exercised by him upon his own pleasure, he is thus made the sole and exclusive judge as to the propriety of its exercise, and in such a case his will or private opinion must stand in place of any reason. Such a power is not to be construed as a judicial discretion to be regulated according to the known rules of law, nor is it, as described in *Keighley's case* (10 Rep., 140, a) "*scire per legem quid sic justum.*" It may be arbitrary and fanciful, but such was the condition of the relator's official tenure. He took office at the pleasure of the mayor, and his pleasure, by whatever reason influenced, is the measure of his term."

In the case of *The People ex rel. Gere* v. *Whitlock* (92 N. Y., 191) the question was as to the power of the mayor of Syracuse to remove from office the police commissioners. The act gave the mayor the power of removal. DANFORTH, J., in delivering the opinion of the court, says that the authority given to the mayor is general to remove from office any commissioner for any cause sufficient to himself, and we find nothing in the act to restrain in any degree the intent of the legislature as expressed by those words. And again, in commenting upon *The People ex rel. Mayor, etc.,* v. *Nichols* (79 N. Y., 582), says that "The statute (in that case) requires not only that cause for removal should exist, but also that the officer should have an opportunity to be heard. The statute before us (in this case) lacks both of these conditions. No opportunity to be heard is given, and it is enough if the mayor thinks there is sufficient cause. It may or may not exist except in his imagination, but his conclusion is final.  *  *  * Here the removal is to be determined summarily and is entrusted to the unrestrained discretion of the mayor." (See, also, *Gillespie* v. *The Mayor, etc.,* 6 Daly, 286; *The City of Chicago* v. *Edwards*, 58 Illinois, 252; *The City of Madison* v. *Korbly*, 32 Indiana, 74.)

It remains to be seen whether the trustees have entered into a contract with the plaintiff which deprives them of the power to

remove at pleasure. The appointment, as we have seen, was in writing. The agreement was to pay " thirty dollars per month for the time which the plaintiff shall teach ; subject, however, to the rules of the board ; the term to commence on the first Monday of September next." The learned county judge appears to have reached the conclusion that the employment was for the term of school commencing on the first Monday in September, but such does not. appear to us to be the provisions of the contract. The concluding clause " the term to commence on the first Monday of September next," merely designates the time when her services were to commence. The other clause that she shall be paid thirty dollars per month for the time which she shall teach ; subject, however, to the rules of the board, does not limit or fix the period of the employment for any definite term or time. She is to be paid the monthly salary only during the time which she shall teach, and that is to be paid subject to the rules of the board. · The trustees, acting under the provisions of the law constituting them the board of education, etc., have seen fit to dispense with her services as a teacher, thus terminatiog the employment, and, consequently her right to recover her salary. The contract or appointment as a teacher is not in conflict with the power vested in the trustees under the charter, but is properly construed in connection therewith.

The conversation had with the president of the board and another of the trustees the previous spring, in which her services were continued during that term at fifteen dollars per month instead of thirty, does not change the situation of the parties in reference to the new contract that was entered into the following August. The president of the board undoubtedly promised her that he would use his influence to get her a good situation the next year. She was subsequently paid the remaining fifteen dollars per month for her services during the spring months, thus making out the full contract price for that year. The promise of the president and trustee to intercede in her behalf the next year does not change or alter her contract, which is in writing, or deprive the board of the power to remove at pleasure. It follows that the judgment of the County Court and that of the justice should be reversed.

BARKER, J., concurred ; BRADLEY, J., concurred in result.

Judgment of the County Court and that of the justice reversed.