Matter of Emmet.

## N. Y. SUPERIOR COURT.

In the Matter of the Application of WILLIAM C. EMMET, for a writ of *certiorari* to review his removal by ALLAN CAMPBELL, comptroller.

*New York (city of) — Removal of clerk of city government — His right to representation by counsel.*

A regular clerk of a department of a city government, whom it is proposed to remove, has the right to be represented by counsel in making the explanation provided by section 28, chapter 335, Laws of 1873, on being informed of the cause of the proposed removal.

*Special Term, June,* 1883.

MOTION on order to show cause why writ of *certiorari* should not issue against the comptroller, &c., in relation to the removal of the petitioner from office and the right of petitioner to be represented by counsel, &c.

O'GORMAN, *J.* — No affidavit has been presented to the court on behalf of the respondent, and this motion must be heard and decided on the moving papers of the petitioner alone; the comptroller, as far as this contention is concerned, admitting the truth of all the facts therein alleged, and claiming that they do not constitute any valid cause of complaint against him. The only controversy is as to the right of a regular clerk of the finance department to be represented by counsel in making the explanation provided by section 28, chapter 335, Laws of 1873. If this contention be not well founded and the petitioner had no right to be represented by counsel, and the comptroller had the right to refuse to hear counsel on behalf of the petitioner, then the writ should not be issued.

It is conceded on both sides that what were the respective rights and duties of the petitioner and of the comptroller in the transaction must be gathered from section 28, chapter 335, Laws of 1873, being the same provision as is now incorporated

Matter of Emmet.

in section 48 of the act of the legislature passed in 1882, known as the " New York City Consolidation Act," and being as follows:

" But no regular clerk or head of a bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board. In case of removal a statement showing the reason thereof shall be filed in the department."

The question now is whether petitioner being threatened with removal had the right to be represented by counsel in making his " explanation."

The force and effect of that part of the section relating to removal of regular clerks, &c., have been judicially considered in *People ex rel. Munday* agt. *Fire Commissioners* (72 *N. Y.*, 446).

In that case the court of appeals held " that the statement of cause of removal given by the fire commissioners to the relator (one of the regular clerks of that department) was frivolous, an evasion of the statute, and a trifling with the procedure prescribed for that action; that the restriction contained in the section referred to was not shadowy or unsubstantial, but was intended as a substantial limitation of the general power of removal conferred on the several departments of the city government, and to secure the continuance in office of the person named, until a reasonable cause, other than the pleasure of the heads of departments or a change in the political character of the majority, should exist for their removal."

" Courts " (says the learned judge who delivers the opinion) " cannot assume that the legislature intended a vain thing, and have inserted a clause apparently materially affecting the powers of the departments, but which is in fact without efficacy.

" The removal must be for cause, and the process for

removal is prescribed by statute and must be pursued. An explanation may consist either of excusing any delinquencies or apparent neglect or incapacity, that is, explaining the unfavorable appearances or disproving the charges.

"That something substantial is intended by the statute is made evident from the fact that the ' true grounds ' of removal are to be entered on the record, and a statement showing the reason therefor filed in the department " (*See, also, People ex rel. Sims* agt. *Fire Commissioners*, 73 *N. Y.*, 440).

With this opinion of the court of appeals before them, the supreme court of this district considered the case of *People ex rel. Keech* agt. *Thompson* (26 *Hun*, 28). There Keech, the relator, the person threatened with removal, was a regular clerk in the department of public works, and received a letter from a commissioner setting forth, with apparent clearness and detail, causes for the removal of the relator in compliance with said section 28. In his letter the commissioner fixed a time and place when the relator would be allowed an opportunity of making an explanation.

At the time and place assigned, the relator appeared in person and accompanied by his counsel, and presented an explanation in writing, and also demanded a trial, with all the rights and incidents of a trial at law. This was refused : but counsel attended on the part of the relator Keech, before the commissioner, without objection, and took part in such proceedings as then occurred.

The supreme court at general term held that the relator there had no right, under said section 28, " to such a full judicial trial" as would be allowed to a person claiming the protection of section 25 of said act.

The court says (judge DAVIS delivering the opinion): "Neither the spirit nor the letter of this provision (that is, the provision that the accused officer shall be allowed an opportunity for explanation) requires any mode or form of trial beyond that expressly indicated, to wit : the presentation of charges sufficient in themselves, if true, to justify removal,

a notice to the officer of such charges, and an allowance to him of an opportunity of explanation."

The learned judge further held, on the authority of *People ex rel. Folk* agt. *Board of Police* (69 *N. Y.*, 409), that the statute committed to the commissioners a discretionary power to decide both as to the denial and the explanation of the officer, which was not subject to review by the courts. It may be remarked that in the case of *People ex rel. Folk* agt. *Board of Police* (*supra*) the learned chief justice CHURCH alludes to the fact that the accused had had a full and fair trial and had the benefit of counsel to conduct his defense.

In neither of these cases (*People ex rel. Munday* agt. *Fire Commissioners or People ex rel. Keech* agt. *Thompson*) is there any decision that the investigations contemplated under said section 28 are other than judicial trials. In the latter of these cases (*People* agt. *Thompson*) the general term held that the accused, under section 28, had no right to such a full judicial trial as one accused under section 25 of said act; but neither of these cases gives any support to the proposition that in presenting his explanation under section 28 the accused could rightfully be denied the assistance of counsel. On the contrary, in each of these cases the accused was represented by counsel without objection, and in one of the cases above cited the fact that he was so represented was referred to by the court of appeals as an element in the argument.

It is therefore necessary to seek elsewhere for any rule of law applicable to this case.

By the Revised Statutes (*vol. 2, p.* 285), it is provided "that every person of full age and sound mind may appear by attorney or solicitor, as the case may require, in every action or plea against him in any court whatsoever."

The state constitution provides (*art.* 1, *sec.* 6) "that in any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel, as in civil action; and also that no person shall be deprived of property without due process of law."

Neither of the cases above cited holds that the action of the head of the department making charges under said section 28, and requiring explanation of said charges, does not involve a judicial trial of some kind. On the contrary, the language of the learned judge in *People* agt. *Thompson* implies that the proceeding under section 28 is a judicial trial, although not so full a judicial trial as is allowed under section 25.

On this question judge DILLON, in his book on municipal corporations (*sec.* 191), says: "The proceedings in all cases where a motion is for cause is adversary or judicial in its character, and if the organic law of the corporation is silent as to the mode of procedure, the substantial principles of the common law as to proceedings affecting private rights must be observed."

Under each of these sections, 25 and 28, in my opinion, a judicial trial is intended; but in the latter case it has been held that the scope and extent of the judicial trial are limited within narrower bounds than in the former. That a judicial trial was contemplated by the legislature in these cases seems consistent, as well with the language of the statute as with its manifest intent. The regular clerks, the process of whose removal is provided for in section 28, are servants of the people, doing work for the people, and protected in their tenure of office, not because of any exaggerated care or tenderness for them personally, but in order to secure the people from the loss of competent and worthy servants because of the caprice or partisan motives of their superior officers. For this purpose it is enacted that they shall not be removed without cause stated, and an opportunity to explain that the cause stated is insufficient or untrue. The office of the clerk is thus protected, and he cannot be deprived of it or of its emoluments without due process of law; the nature, mode and form of which are pointed out in said section 28.

This process involves a charge made and communicated to the accused, an opportunity to him to explain or defend himself, a trial, limited no doubt in its scope, but yet resulting

either in acquittal or in conviction, and judgment of removal and consequent loss of the office and the emoluments attached to it.

This judgment, according to the opinion of the general term in *People* agt. *Thompson*, rests wholly in the discretion of the accusing officer; and that discretion is not open to review by the ordinary courts of law, but is final and irrevocable, unless perhaps the abuse of that discretion be flagrant and undoubted (*People ex rel. Keech* agt. *Thompson*, 26 *Hun*, 28).

That in such a proceeding, involving a final decision as to private property, reputation, rights and interests so large, the assistance of counsel should be denied to the accused, seems unreasonable and not in accord with the provisions of the State Constitution and of the Revised Statutes, and with the general practice of courts of justice in all judicial and *quasi* judicial investigations. It may well be that, under the decisions above referred to, the sphere of counsel's action may be confined in the one case within narrower limits than in the other. But that is not the question now. When counsel, appearing for a person accused under said section 28, attempts to exceed his legitimate powers, it will be time enough for such a contention. It is not to be presumed now that counsel will fail to understand the extent and limit of his duties; but if he attempts to exercise powers not allowed under section 28, but allowed under section 25, the occasion will then arise for a judicial determination of the question how far his legitimate professional functions extend.

The only question now to be determined is whether the presence and aid of counsel can be peremptorily refused to an officer desiring to present his explanation under section 28. If he had, under section 28, the right to the aid of counsel in presenting his explanation, the denial of that right is in effect the denial to him of the opportunity for explanation which section 28 allows him. The officer cannot be removed until he has been informed of the cause of the proposed removal, and has had an opportunity of making an explanation.

Matter of Emmet.

The provisions of the law under our consideration is intended to be not an increase of power in the hands of the head of the department to remove his inferior officers but a substantial limitation and check on such power. In trials of accused officers, held under section 25 of the act above referred to, the assistance of counsel has never been denied to the accused; yet there is no special provision in the section reserving that right to the accused, nor is the subject in any way referred to. I see no reason in law or in common sense justifying the denial of the aid of counsel to the accused under section 28. It cannot, I think, be successfully argued that in proceedings under section 28 no contention can possibly arise in which the functions of counsel can be legitimately exercised.

In *People ex rel. Munday* agt. *Fire Commissioners* (*supra*), the charge made against the relator under section 28 was held by the court of appeals to be frivolous and an evasion of law. The presence and aid of counsel in that case may have been necessary in so conducting the proceeding on the part of the accused, that the insufficiency and illegality of the action of the fire commissioners might be made apparent to the court and in preventing the removal of an officer in flagrant violation of law. The faculty of ready and effective speech is not given to all men, and the denial of assistance of counsel to represent them and speak for them might in conjunctures of this kind often be in effect a denial of justice.

These are some of the many reasons which lead me to the conclusion that the aid of counsel should not have been denied to the petitioner in the case at bar. The denial to him of the aid of counsel in making his explanation was, in my opinion, a denial, in effect, of the "opportunity for explanation," which the law required that he should have had before the power to remove him became vested in the head of the department.

The prayer of the petitioner, William C. Emmett, is granted. The order to be settled by me on due notice to the comptroller or his attorney.