Brady, J.
The relator was charged with conduct unbecoming an officer in this to wit :• “ That on the 2d of January, 1881, he, without cause or provocation, assaulted one Thomas F. Horan, beating him "with his club, and did not arrest him.” It appears by the allegations in the return, which must be taken as true (People ex rel. Sims v. Fire Commissioners, 73 N. Y., 437), that written charges were preferred; that they were publicly examined after notice to the relator and in his presence; that the testimony was examined by the board, deliberation had thereon and the *609 relator found guilty. It also appears that the relator was present and cross-examined the witnesses who were produced against him and was himself examined on his own behalf. The testimony is abundantly sufficient to sustain the charge made against him, namely, that without cause or provocation, he used his club upon an unoffending citizen.
It appears, however, that according to Rule 131, governing trials before the board of police commissioners, the testimony offered against the accused shall Le taken cn oath, and the substance thereof reduced to writing by the stenographer, under the direction of the commissioner hearing the case, and that if the case is heard by less than three commissioners, the testimony shall bo laid before and examined by the several commissioners before judgment thereon.
It is claimed by the relator that a judgment Avas pronounced before the testimony was written out, and such appears to have been the fact; but it also appears that the board having been advised that such an objection was to be employed for the restoration of the relator, and out of abundant caution, complied, with the rule referred to and caused the testimony to be written out and examined and then pronounced judgment.
There can he no doubt that the board had jurisdiction nor can there be any question that it was properly exercised, at least down to the time of the first declaration of its judgment in the matter; and there can be no doubt either that the objection suggested in reference to the use cf stenographic minutes, if it had any merit, was entirely overcome by the subsequent proceeding. There is no rule which prevents the commissioners from doing precisely what they did in this matter. If, as claimed by the relator, the judgment first pronounced removed him from the department, then the objection of course has no validity. If it did not and was of such a character as to destroy tho attempted exercise of the jurisdiction of the board, then the subsequent proceeding corrected it and made the judgment binding and effective.
It must also be said that these proceedings were not instituted until after both of the proceedings referred to had taken place, and both judgments, if judgments they be, pronounced against the relator.
We discover upon an examination of the record, therefore, no reason why the relator should be successful in this matter, and deem it our duty to dismiss the proceeding, consequently, upon its merits and to affirm the action of the board.
Macomber, J., concurs.
*610 Daniels, J.—As the board fully acquainted itself with the evidence before it was acted upon, the omission first to have it written out was not prejudicial to the relator. He was not injured in the least by the failure to comply with the rule in that particular. And as there can be no doubt as to the truth and sufficiency of the charge, the order may .be affirmed.