THE PEOPLE OF THE STATE OF NEW YORK EX REL. DAVID J. BRANT v. CHARLES F. MacLEAN AND OTHERS, COMMISSIONERS, ETC.

*Removal of a clerk in the New York police department — no trial necessary — notice to the clerk of the charge is required.*

A clerk in the police department of the city of New York may be removed by the board of police commissioners, under section 48 of chapter 410 of the Laws of 1882, after he has been informed of the cause of the proposed removal, and has been allowed an opportunity for explanation. No trial is contemplated by the act, nor is the production of evidence to establish the charge. The knowledge of the existence of the cause of removal by the head of the department is sufficient.

The head of the department is the sole judge to determine the question whether the removal shall take place or not, but he can only act after hearing the explanation of the clerk whom it is proposed to remove.

*People ex rel. Keech* v. *Thompson* (94 N. Y., 451) followed.

CERTIORARI to review the action of the board of police commissioners of the police department of the city of New York in the removal of David J. Brant, theretofore a clerk in the police department in said city.

The writ was issued under date of January 31, 1890.

*Louis J. Grant*, for the relator.

*John J. Delany*, for the respondents.

Van Brunt, P. J.:

The relator was a clerk in the police department. On the 27th day of December, 1889, he was notified to show cause why he should not be removed from his office as clerk, because of neglect of duty and frequent and continued absence during official hours from the office of the department during the then present month and year, and that he would be allowed an opportunity of making an explanation in regard thereto at a meeting of the board of police on December 31, 1889, at 1.30 o'clock P. M. At the time appointed the relator appeared with his counsel, who demanded that the complaint be made more definite and certain, and also a bill of particulars. The relator denied having neglected his duty, or being absent "except on permission given him by his superiors, and case of sickness," etc. He was then asked as to his absences during the then present month. His counsel objected that he could not be called as a witness against himself, and that there was no evidence adduced against him, and ended by stating: "The board has refused to make the specifications more definite so that the defendant will have an opportunity to put himself on his defense and prepare his evidence." Subsequently, on the same date, the relator was called before the board and informed that he was charged with drunkenness. The relator denied the charge, and the commissioners called witnesses to prove the fact, and also that he was absent without leave. The relator offered no explanation, his counsel having left, which fact the relator wished noted. He was on the same afternoon removed.

If this removal cannot be sustained without considering what took place at the second hearing, we think that the relator is entitled to be reinstated. He was entitled by the statute to an opportunity to explain, and this necessarily means a reasonable opportunity. An opportunity does not seem to be reasonable where the clerk is called almost at the instant of being informed of the charge for his explanation. A reasonable time should elapse to allow the clerk proposed to be removed to prepare his defense.

But we think that the board of police commissioners had a right to remove the relator, independent of the charge of drunkenness. His counsel seems to have been of the opinion that the relator was entitled to a trial, to offer evidence to be confronted with witnesses

proving the charge. The section under which his removal was had contemplates no such procedure. (Laws of 1882, chap. 410, § 48.) It provides that no regular clerk or head of bureau shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity for explanation, and in every case of removal the true grounds thereof shall be forthwith entered upon the records of the department. Prior to this enactment in the charter of 1873, the clerk could be removed at will, and it was intended as a restraint upon this absolute power. No trial is contemplated, and the production of evidence to prove the charge is not even hinted at. It seems to be only required that a cause should be assigned for which the clerk may be responsible, and of its existence the head of the department is the sole judge; but he can only act after hearing the explanation of the clerk proposed to be removed.

Here it may not be improper to notice the criticisms of the counsel for the relator upon the commissioners, because one of them made use of the expression, "contemplated action of the board." If the learned counsel had read the section in question he might have learned that it only applies to those cases where action is contemplated or where a removal is proposed, or, in other words, contemplated, because by its terms the clerk is to be informed of the cause of the proposed removal, and consequently the commissioners, in speaking of contemplated action of the board, did nothing but state what the statute required to exist before the relator could be called upon for an explanation.

If any authority is required to support the views above expressed, in respect to the rights of a clerk proposed to be removed, it is afforded by the case of *People ex rel. Keech* v. *Thompson* (94 N. Y., 451). The court say: "The next inquiry which arises is whether the commissioner committed an error in his decision in refusing to require that evidence should be given to establish the allegations made, and in not allowing testimony to be introduced in favor of the relator. The commissioner was acting by virtue of the statute already cited, and he was bound to follow its provisions and to fulfill its requirements and nothing more. There is nothing in the statute which requires that the cause of removal shall be established by proof taken before the commissioner. It seems to have been intended that the commis-

sioner should exercise this power upon facts within his own knowledge, or based upon information received by him, after communicating to the relator his purpose of removing him, with notice of the reason why he proposed to take such action, and after allowing him an opportunity to make explanation as to the facts assigned as grounds for the removal. No testimony is required to be taken as to the basis of the commissioner's action. It is enough that he assigns a sufficient cause for the removal and furnishes an opportunity to the relator for explanation of the same. This tends to prevent removals without any cause whatever or upon personal or political grounds. It would be unnecessary to take proof of neglect or omission of duty within the knowledge of the chief of the department, and the statute does not require any such formality."

" The chief of a department, under the statute, is authorized and required to inform the subordinate of the ground which induced him to believe the subordinate to be negligent, unfit for duty or incapacitated to perform his duties, and for which he proposes to remove him. The statute makes no provision for a formal trial. It does not require that witnesses shall be produced by the commissioner, and that the officer shall be permitted to cross-examine the same, or that he shall be allowed to produce witnesses for himself, or to be heard upon a trial, but simply and alone allows him to make explanation and then leaves the matter of removal in the discretion of the commissioner."

" Having in view the fact that the commissioner, in the proper discharge of his duties would have knowledge generally as to any neglect or remissness of his subordinate officer, or that he would have information from which he would be justified in drawing an inference as to his acts and conduct, it is a fair and reasonable assumption that it was the intention of the statute to commit to the commissioner the power to remove for reasonable cause, to act upon his own knowledge as to the facts, and to determine when within his knowledge, so far as they were denied by the relator, and to judge whether the excuses presented by him were reasonable and sufficient so far as they were not denied. Such a discretion is not unlimited, and can only be exercised for some reasonable cause, as was held by ALLEN, J., in *People ex rel. Sims* v. *Fire Commissioners* (73 N. Y., 440). Without it the power of removal might be of little avail.

If the commissioner was to be constituted a court for the purpose of trying every charge which might properly be preferred for violation of duty, it would tend very much to embarrass the action of that officer, and also interfere with the interest of the public. If a trial was to be had, the law, no doubt, would have so provided, and not for an explanation merely. In cases where the legislature intended that the removal should not be made without cause proven, provision is made for the preferring of charges and an examination of the same." (Laws of 1873, chap. 335, §§ 41, 77.)

It seems to be entirely unnecessary to add anything to this language, as it is as applicable to the case at bar as it was to the case cited.

The writ should be dismissed, with costs.

Brady and Daniels, JJ., concurred.

Writ dismissed, with costs.