PEOPLE *ex rel.* HIGGINS *v.* GRANT, Mayor, *et al.*

*(Supreme Court, General Term, First Department.* March 13, 1891.)

**1. REMOVAL OF OFFICER—TRIAL—CIVIL SERVICE LAW.**

Laws N. Y. 1882, c. 410, § 48, providing that no regular clerk shall be removed by the head of a department "until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation," does not contemplate a formal trial or the production of evidence, and is sufficiently complied with where the cause of the proposed removal is made known to the delinquent, and a reasonable opportunity is afforded him for making an explanation in regard thereto. Following *People* v. *MacLean,* 11 N. Y. Supp. 559.

**2. SAME—EFFECT OF DISMISSAL.**

This construction of the statute cannot be affected by the fact that, under the rules governing the civil service, no one dismissed for misconduct is eligible to appointment in any capacity, in any department of the municipal service, within three years.

*Certiorari* to review the action of the board of the city record of the city of New York in removing relator, Joseph C. Higgins, from his office of clerk in the office of the city record. A copy of charges against relator was served upon him, with notice that an opportunity to make an explanation in regard to them, before the board, would be given him at a certain hour the next day. He appeared before the board at that time, and the matter was adjourned to a later hour, when he again appeared. The board refused to allow him to be represented by counsel, or to call witnesses, or to submit affidavits controverting the charges; but they received his written answer to the charges, and his oral denial of them; and thereupon, holding that a satisfactory explanation to the charges had not been given, removed relator from his office. Laws N. Y. 1882, c. 410, (New York City Consolidation Act,) § 48, authorizing heads of departments to remove clerks, etc., in their respective departments, provides that "no regular clerk * * * shall be removed until he has been informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation." For former report, see 11 N. Y. Supp. 505.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John Jeroloman* and *James F. Higgins,* for relator. *William H. Clark,* *(Charles W. Ridgway,* of counsel,) for respondents.

VAN BRUNT, P. J. The case of *People* v. *MacLean,* 11 N. Y. Supp. 559, determines most of the questions involved in this proceeding against the contention of the relator; it is not necessary to rediscuss questions which are there settled. It is claimed, however, that because of rule 40 of the rules of the civil service, which is to the effect that no one dismissed from service for misconduct shall be eligible to appointment in any capacity in any department of the municipal service within three years, the relator is entitled to greater rights than would have been the case had he not incurred the penalty prescribed by this rule by being removed. We do not see how it is possible for the rules of the civil service to add to or detract from the statute, which would be the effect were a different construction given to the statute because of the rule than would obtain had no such rule been adopted. The language of the statute is reasonably clear, and has been interpreted, as has been already said, contrary to the view of the relator; and, while the results of a removal should make the heads of departments careful in the imposition of this penalty, yet when they come within the statute this court cannot interfere with the result. We think, therefore, the writ should be dismissed, without costs. All concur.