(7 App. Div. 308)

PEOPLE ex rel. KILLILEA v. ROOSEVELT et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. POLICEMAN—DISMISSAL—REVIEW.
    Where a charge is sustained by the evidence, the court will not interfere with a dismissal, though it might deem the punishment more severe than the offense merited.

2. SAME—EXAMINATION OF WITNESSES—OATH.
    Where the return states that the charges were heard in the manner required by law and the rule of the board of police, on certiorari to review the dismissal of a police officer it will be presumed that the witnesses were sworn as required by a rule of the police department, though that fact does not appear affirmatively.

Certiorari by John J. Killilea to review the determination of Theodore Roosevelt and others, composing the board of police com-

missioners of the city of New York, dismissing relator from the police force.    Dismissed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Louis J. Grant, for relator.
Terence Farley, for respondents.

PATTERSON, J.    The relator was dismissed from the police force by the respondents, after a hearing upon a charge of conduct unbecoming an officer; and the specifications of the charge were that he interfered with an officer of the Society for the Prevention of Cruelty to Children while that officer was arresting a boy on a charge of vagrancy, and that he compelled that officer to go with him to the station house, and acted in a boisterous manner while in the station house, and that, before reaching the station house, he violently pushed such officer about, without any cause or provocation.    There was therefore a specific charge made against the relator, and upon it he was accorded a hearing, witnesses were examined, and the respondents found him guilty.    There was conflicting evidence; and, while we think that the commissioners might well have regarded the offense as one not to be visited with the extreme penalty they have inflicted upon the relator, still we cannot, in view of the condition of the record before us, and the fact that there was testimony to sustain the charges, inquire into the merits of the case, or interfere with the punishment they have imposed upon him. People v. Fire Com'rs, 82 N. Y. 358; People v. Fire Com'rs, 96 N. Y. 644.

It is urged by the relator, as a ground for reversing the proceedings of the respondents, that the witnesses who were called to substantiate the charge against him were not sworn.    It is shown that there is a regulation or rule of the police department to the effect that, except in trivial cases, evidence on the trial or hearing of charges against policemen before the commissioners of police must be taken on oath.    It is true that, in the record before us of the minutes of the hearing or trial of the relator before the police commissioners, there is no distinct statement that the witnesses called on either side were sworn; but the return of the commissioners states "that the said charges were duly brought to a hearing, and duly tried and heard, and publicly examined into, and investigated in the manner required by law and the rules and regulations of the board of police."    This return is unchallenged, and, as has been frequently held, must be accepted as stating the truth, namely, that the rules and regulations of the board of police applying to investigations of this character were fully complied with, which included the swearing of witnesses.    If the relator desired to raise the question respecting the administration of an oath to the witnesses, he should not have acquiesced in the return, but should have moved the court for a further return, calling the attention of the respondents to the exact matter the subject of his objection. People v. Martin, 142 N. Y. 228, 36 N. E. 885.

As this return is conclusive upon us in its present form, we can do nothing but affirm the proceedings of the commissioners; and the writ of certiorari must be dismissed, with costs.  All concur.