(49 App. Div. 173.)

PEOPLE ex rel. FAHY v. YORK et al.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

POLICE OFFICERS—ABSENCE WITHOUT LEAVE—DISMISSAL—TRIAL—NECESSITY.
    Under Laws 1897, c. 378, § 303, providing that the absence of any member of the police force, without leave, for five successive days, shall be held to be a resignation, and such member may be dismissed without notice, a member so absent is not entitled to a trial of the charges on which he was dismissed, under Consolidation Act, § 272, declaring that before a police officer shall be dismissed for offenses specified he shall be tried, etc., since by virtue of his absence he was no longer a member of the force.

Certiorari by the people, on the relation of John Fahy, to review an order of the police commissioners dismissing relator from the police force of the city of New York. Writ dismissed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Hyacinthe Ringrose, for relator.
Terence Farley, for respondents.

RUMSEY, J. This is a certiorari to review the determination of the police commissioners in dismissing the relator from the police force of the city of New York. The error complained of was that the witnesses were not sworn. Such appears to have been the fact, and therefore, if the relator was entitled to a trial, the proceedings were erroneous, and the determination must be reversed. People v. Board of Police Com'rs, 155 N. Y. 40, 49 N. E. 257. But it is claimed on the part of the respondents that the relator was not entitled to a trial at the time of the hearing on the charges, because he had then ceased to be a member of the police force. Of course, if that point is well taken, the relator has no standing here to complain of what took place.

The statute in force in 1897 provided that "absence, without leave, of any member of the police force, for five consecutive days shall be deemed and held to be a resignation and the member so absent shall at the expiration of said period cease to be a member of the police force and be dismissed therefrom without notice." Laws 1897, c. 378, § 303. The respondents claim that at the time of the trial, which was on the 15th of April, 1897, the relator had been absent for more than five days, and consequently he was no longer a member of the force. The return states that such was the fact, and that return must be taken to be conclusive on that point. People v. Fire Com'rs, 73 N. Y. 437; People v. Martin, 142 N. Y. 228, 235, 36 N. E. 885; People v. Roosevelt, 7 App. Div. 308, 40 N. Y. Supp. 117. But it is said by the relator that this absence without leave for more than five days was one of the charges upon which he was tried, and that the police commissioners had no more authority to ascertain the truth of that charge by unsworn testimony than they had to ascertain any other charge for which the relator was on trial. The statute expressly provides that the absence for more than five days requires that that person so absent shall be dismissed without notice. The statute is peremptory in its form, and, when it has been made to appear to the commissioners in any proper way that a member of the force has come within its provisions, the duty is imposed upon them absolutely, and without any trial or notice, to dismiss him from the force. The manner in which the commissioners become possessed of that fact is of no particular importance in any case. The question is the existence of that fact. The relator is not entitled to a trial, that the fact may be established, because the statute says he is to be dismissed without any notice whatever.

It is to be noticed that absence without leave for more than five days is not one of the things for which he is entitled to a trial. Section 272 of the consolidation act prescribes the offenses for which a member of the force may be disciplined. Before he can be dismissed for any of those offenses he is entitled to a trial, but absence without leave for more than five days is not one of those offenses. It is quite true that subdivision 5 of that section enumerates

as one of the offenses "absence without leave," but·that does not refer to an absence of more than five days, which offense is specified as being equivalent to a resignation, by section 273, and requires the dismissal of the offender without notice. The absence for which a policeman may be tried is an absence for less than five days, which does not of itself remove him from the police force, but is merely one of several other offenses for which the commissioners should put him on trial. The reason for this is very evident. A short absence without leave, when a policeman has returned to his duty, is no indication of an intention to dissolve his relations with the force. But when one has left his duty without any communication with his superior officer; and remains absent for the period specified in the section quoted, the law presumes, as it says, that he has severed his connection with the force, and, without further action on the part of the commissioners, it steps in, and says he is to be no longer a member of the force. The provision is manifestly inconsistent with the idea that the person so absent should be entitled to a trial. For this reason we are of the conclusion that the relator was not deprived of any right by the manner in which this trial was conducted, because by the force of the law he had already been dismissed from the police force, and for that reason the action of the police commissioners must be affirmed.

The writ should be dismissed, and the proceedings affirmed, with costs. All concur.