THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK J.
BRENNAN, Respondent, *v.* THOMAS STURGIS, Commissioner of the
Fire Department of the City of New York, Appellant.

*Municipal corporation — unexplained absence of a member of the fire department of
New York city — what must be shown in the return to a mandamus to procure his
reinstatement.*

Under section 735 of the charter of the city of New York, which provides,
" Unexplained absence, without leave, of any member of the uniformed force
(of the fire department), for five days, shall be deemed and held to be a resigna-
tion by such member, and accepted as such," the position of a member of the
uniformed force, coming within the terms of the section, is the same as that of

a member who has resigned from the force, and no trial or action on the part of the fire commissioner is necessary, except to treat his absence as a resignation and accept it by dropping him from the force.

Where the commissioner seeks to justify his action in dropping a member of the uniformed force from the rolls under such section, he must allege, as a fact, that the member dropped was actually absent for five days and that his absence was unexplained.

In a mandamus proceeding, instituted by a member of the uniformed force, who had been removed, to procure his reinstatement, a return made by the fire commissioner alleging that the relator was charged by his foreman with being absent without leave for more than five days; that the commissioner had received a communication from the medical officers of the department stating that they had examined the relator and found him suffering from the effects of the abuse of alcoholic stimulants; that thereafter evidence was brought to the commissioner which satisfied him that the relator was guilty of the charge of being absent from duty without leave for more than five days, and that he thereupon made an order that the relator's name be dropped from the roll, is insufficient to defeat the application for reinstatement, as it does not allege that the relator was, as a matter of fact, absent without leave for more than five days and that such absence was unexplained.

Appeal by the defendant, Thomas Sturgis, commissioner of the fire department of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of June, 1902, granting the relator's motion for a peremptory writ of mandamus requiring the defendant to replace the relator's name upon the rolls of the fire department of the city of New York and to restore him to the position of assistant foreman in said fire department.

*Terence Farley*, for the appellant.

*Louis J. Grant*, for the respondent.

Ingraham, J.:

The relator, a member of the uniformed force of the fire department, presented to the court a petition stating that on the 7th of March, 1902, he was removed from his position and his name was dropped from the rolls of the said fire department by the direction of the respondent, although no written charges had been preferred or made against him and no opportunity afforded him to be heard in his defense upon any charge as required by law. By the

affidavit in opposition to this petition it appeared that the relator was, on February 14, 1902, charged by the foreman with being absent from his duties without permission for five days, namely, between the hours of twelve o'clock noon on the 8th day of February, 1902, and twelve o'clock noon on the 13th day of February, 1902; that on February 27, 1902, the said foreman made another charge of absence without leave against the relator, namely, for being away from his duties for thirteen days and twenty hours; that on February 20, 1902, the commissioner received a report from the medical officers of the fire department which certified that they had examined the relator and that he was then suffering from the effects of the abuse of alcoholic stimulants, and whatever evidence of mental derangement existed was attributable to the above cause; that thereafter evidence having been brought to the commissioner which satisfied him that the relator was guilty of the charge of being absent from duty without leave for more than five days, the commissioner ordered that the relator "is hereby deemed and held to have resigned from this Department, and his name will be dropped from the rolls from 8 o'clock A. M., March 7, 1902." No notice of any charges was given to the relator. He was, therefore, improperly dismissed under section 739 of the charter (Laws of 1901, chap. 466) which provides for the trial and conviction of a member of the uniformed force. The city, however, seeks to uphold his dismissal under section 735 of the revised charter which provides: "Unexplained absence, without leave, of any member of the uniformed force, for five days, shall be deemed and held to be a resignation by such member, and accepted as such." Under section 273 of the Consolidation Act (Laws of 1882, chap. 410, as amd. by Laws of 1884, chap. 180) it was provided: "Absence without leave of any member of the police force for five consecutive days, shall be deemed and held to be a resignation, and the member so absent shall, at the expiration of said period, cease to be a member of the police force and be dismissed therefrom without notice;" and we held in *People ex rel. Fahy* v. *York* (49 App. Div. 173; affd., 163 N. Y. 551) that by the absence of a member of the police force from duty without leave for five days, he ceased to be a member of the force, and when it was made to appear to the commissioners in any proper way that a member of the force has come

within its provisions, the duty was imposed upon them absolutely and without any trial or notice to dismiss him from the force. The difference in the language used in this section and in the 735th section of the charter is not, I think, material. What is important is that an absence for five days from duty unexplained amounts to a resignation, and it certainly could not be claimed that had the relator resigned from the force and his resignation been accepted by the commissioner, he would be entitled to a mandamus to reinstate him. If unexplained absence is equivalent to a resignation, then the position of the officer who has been absent for five days is the same as that of an officer who has resigned from the force; and, under such circumstances, no trial or action on the part of the commissioner was necessary, except to treat his absence as a resignation and accept it by dropping him from the force. But the essential fact that must appear in answer to the application to be reinstated is that the relator was absent for five days and that his absence had not been satisfactorily explained to the commissioner. The trouble with this case is that the affidavit in opposition to the application does not state that fact. The commissioner swears that the relator was charged with absence by his foreman; that he received a communication from the medical officers stating that they had examined the relator and found him suffering from the effects of the abuse of alcoholic stimulants, with a report from the chief of the sixth battalion to the medical officers, informing them that the drinking habit of the relator had to a great extent brought about his present condition, and thereafter evidence was brought to the commissioner which satisfied him that the relator was guilty of the charge of being absent from duty without leave for more than five days, and on March sixth he made the order that the relator's name be dropped from the roll. As the statute requires that the fact that there was an unexplained absence for five days should appear to justify the commissioner in dropping a member of the uniformed force from the rolls of the department, the commissioner must allege as a fact that the officer dropped was actually absent for five days from duty and that his absence was unexplained. In that case his absence would be treated as a resignation and justify the commissioner in dropping him from the roll; but in this case there is no allegation that the relator was as a fact absent, and without the statement of

that fact the commissioner was not justified in discharging him from the department. For this reason we think that, on the facts as they appear upon the record, the action of the commissioner was not justified and that the mandamus was properly granted.

It follows that the order appealed from must be affirmed, with fifty dollars costs and disbursements.

VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Order affirmed, with fifty dollars costs and disbursements.