**PEOPLE ex rel. BRENNAN v. STURGIS, Fire Department Com'r.**

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. FIRE DEPARTMENT—MEMBERS—ABSENCE WITHOUT LEAVE—MANDAMUS TO COMPEL REINSTATEMENT—AFFIDAVIT.

Revised Charter, § 735 (Laws 1901, c. 466), provides that the "unexplained absence, without leave, of any member of the uniformed force [of the fire department] for five days, shall be deemed and held to be a resignation and accepted as such." The affidavit in opposition to the petition of a member of the uniformed force for mandamus to compel his reinstatement set up that he had been charged by the foreman with being absent without permission for five days; that thereafter, evidence having been brought to the commissioner which satisfied him that the member was guilty of the charge, he ordered that his name be dropped from the pay roll, etc. *Held* insufficient, because not alleging as a fact that the member was actually absent from duty without leave for five days, and that his absence was unexplained, and mandamus was properly issued.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Patrick J. Brennan, against Thomas Sturgis, commissioner of the fire department of the city of New York. Order granting the writ, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant.

Louis J. Grant, for respondent.

INGRAHAM, J. The relator, a member of the uniformed force of the fire department, presented to the court a petition stating that on the 7th of March, 1902, he was removed from his position and his name was dropped from the rolls of the said fire department by the direction of the respondent, although no written charges had been preferred or made against him, and no opportunity afforded him to be heard in his defense upon any charge as required by law. By the affidavit in opposition to this petition it appeared that the relator was, on February 14, 1902, charged by the foreman with being absent from his duties without permission for five days, namely, between the hours of 12 o'clock noon on the 8th day of February, 1902, and 12 o'clock noon on the 13th day of February, 1902; that on February 27, 1902, the said foreman made another charge of absence without leave against the relator, namely, for being away from his duties for 13 days and 20 hours; that on February 20, 1902, the commissioner received a report from the medical officers of the fire department which certified that they had examined the relator, and that he was then suffering from the effects of the abuse of alcoholic stimulants, and whatever evidence of mental derangement existed was attributable to the above cause; that thereafter, evidence having been brought to the commissioner which satisfied him that the relator was guilty of the charge of being absent from duty without leave for more than five days, the commissioner ordered that the relator "is hereby deemed and held to have resigned from this department, and his name will be dropped from the rolls from 8 o'clock a. m., March 7, 1902."

No notice of any charges were given to the relator. He was therefore improperly dismissed, under section 739 of the charter, which provides for the trial and conviction of a member of the uniformed force. The city, however, seeks to uphold his dismissal under section 735 of the charter, which provides:

"Unexplained absence, without leave, of any member of the uniformed force, for five days, shall be deemed and held to be a resignation by such member, and accepted as such."

Under section 273 of the consolidation act (chapter 410, Laws 1882) it was provided:

"Absence without leave of any member of the police force for five consecutive days shall be deemed and held to be a resignation, and the member so absent shall, at the expiration of said period, cease to be a member of the police force and be dismissed therefrom without notice."

And we held in People v. York, 49 App. Div. 173, 63 N. Y. Supp. 36, affirmed 163 N. Y. 551, 57 N. E. 1121, that by the absence of a member of the police force from duty without leave for five days he ceased to be a member of the force, and, when it was made to appear to the commissioners in any proper way that a member of the force has come within its provisions, the duty is imposed upon them absolutely, and without any trial or notice, to dismiss him from the force. The difference in the language used in this section and in the 735th section of the charter is not, I think, material. What is important is that an absence for five days from duty, unexplained, amounts to a resignation; and it certainly could not be claimed that had the relator resigned from the force, and his resignment been accepted by the commissioner, he would be entitled to a mandamus to reinstate him. If unexplained absence is equivalent to a resignation, then the position of the officer who has been absent for five days is the same as that of an officer who has resigned from the force; and, under such circumstances, no trial or action on the part of the commissioner was necessary, except to treat his absence as a resignation and accept it by dropping him from the force. But the essential fact that must appear in answer to the application to be reinstated is that the relator was absent for five days, and that his absence had not been satisfactorily explained to the commissioner. The trouble with this case is that the affidavit in opposition to the application does not state that fact. The commissioner swears that the relator was charged with absence by his foreman; that he received a communication from the medical officers stating that they had examined the relator, and found him suffering from the effects of the abuse of alcoholic stimulants, with a report from the chief of the Sixth battalion to the medical officers informing them that the drinking habit of the relator had to a great extent brought about his present condition; and thereafter evidence was brought to the commissioner which satisfied him that the relator was guilty of the charge of being absent from duty without leave for more than five days, and on March 6th he made the order that the relator's name be dropped from the roll. As the statute requires that the fact that there was an unexplained absence for five days should appear to justify the commissioner in dropping a member of the uniformed force from the rolls of the department, the commissioner must allege as a fact that the officer dropped was actually absent for five days from duty, and that his absence was unexplained. In that case his absence would be treated as a resignation, and justify the commissioner in dropping him from the roll; but in this case there is no allegation that the relator was as a fact absent, and without the statement of that fact the commissioner was not justified in discharging him from the department. For this reason we think that, on the facts as they appear upon the record, the action of the commissioner was not justified, and that the mandamus was properly granted.

It follows that the order appealed from must be affirmed, with $50 costs and disbursements. All concur.