PEOPLE ex rel. RICE v. STURGIS, Fire Department Com'r.

(Supreme Court, Appellate Division, First Department.  December 5, 1902.)

1. Fire Department—Members—Absence without Leave—Resignation.
   Under the express provisions of the Revised Charter, § 735 (Laws 1901, c. 466), the commissioner of the fire department of the city of New York is authorized to treat the unexplained absence without leave of a member of the uniformed force for five days as a resignation, and to accept it as such.

2. Same—Reinstatement—Mandamus.
   A member of the uniformed force of the fire department of the city of New York, who has resigned and whose resignation has been accepted by the commissioner, is not entitled to mandamus requiring his reinstatement.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Thomas F. Rice, against Thomas Sturgis, commissioner of the fire department of the city of New York, to compel relator's reinstatement as a foreman in the department.  Order denying motion for the writ, and relator appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Louis J. Grant, for appellant.
Terence Farley, for respondent.

INGRAHAM, J.  The relator alleged in his petition upon which this application was made that he had been duly appointed a member of the uniformed force of the fire department, and that on or about the 7th day of March, 1902, he was removed from said position, and his name was dropped from the rolls of the department by the direction of the respondent, although no written charges had been preferred against him, and no opportunity afforded him to be heard in his defense upon any charges as required by law.  In answer to this petition, an affidavit of the commissioner was submitted, which stated that:

"The relator herein was absent without leave from 8:55 p. m., March 1, 1902, to 8 o'clock a. m., March 8, 1902; that said absence was never explained by the petitioner to the deponent.  At the end of the five days' unexplained absence without leave, deponent deemed and held that by such unexplained absence the petitioner intended to resign, and deponent thereupon accepted it as such, and dropped the petitioner's name from the pay roll."

By section 735 of the Revised Charter it is provided:

"No member of the fire department shall, under penalty of forfeiting the salary or pay which may be due to him, withdraw or resign, except by permission of the fire commissioner.  Unexplained absence, without leave, of any member of the uniformed force for five days, shall be deemed and held to be a resignation of such member and accepted as such."

Upon this application we must accept the statement of the respondent as true, and under this provision of the charter we think that the respondent was authorized to treat the unexplained absence

¶ 2. See Mandamus, vol. 33, Cent. Dig. § 167.

of the relator as a resignation, and accept it as such. The relator thus being in the position of a member of the uniformed force who had resigned, and whose resignation had been accepted by the commissioner, was not entitled to mandamus requiring his reinstatement. People v. York, 49 App. Div. 173, 63 N. Y. Supp. 36, affirmed 163 N. Y. 551, 57 N. E. 1121; People v. Sturgis (decided herewith) 78 N. Y. Supp. 1034.

It follows that the order appealed from must be affirmed, with costs. All concur.